107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony A. SMITH, a/k/a "Tony Montana", Gregory A. Collins,
a/k/a "Tony" and "T.C.", and Sylvia A. Lipson,
a/k/a "Sylvia Lipscomb", Defendants-Appellants.
 Nos. 96-2724, 96-2821 and 96-2883.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1996.*
Decided Feb. 07, 1997.
Rehearing Denied March 5, 1997.
Rehearing Denied April 7, 1997.
 
 1
 Before CUMMINGS and COFFEY, Circuit Judges, and ZAGEL, District Judge**.
 
 ORDER
 
 2
 On February 7, 1992, a jury convicted defendants of various charges relating to the sale of cocaine and crack cocaine. They appealed, and we remanded for the district judge to determine whether the jury verdict was influenced by matters outside the evidence. The judge decided the verdict should stand and his finding is appealed.
 
 
 3
 The jury deliberated this case for four days. On the eve before the first day of deliberations, one of the jurors, Mrs. Rose, received an inquiry about her involvement in the trial. The next day, before deliberations started that morning, Juror Rose told the courtroom deputy that she had "a problem." Juror Rose was then brought out of the jury room, and the court met privately with her about the problem. The court informed counsel that Juror Rose was concerned because her former brother-in-law came to her the night before, asked her about her involvement in this case, what was happening in the case, and told her that he had been approached by a member of the Collins family. The court separated Juror Rose from the other jurors, stopped the commencement of any deliberations, and met with counsel to discuss the problem. Defense counsel conferred separately and asked the court to make an on-the-record inquiry of Juror Rose regarding whether she said anything to the other jurors. Juror Rose told the court, "When I came in, I said I had a visitor last night. That is when you [the courtroom deputy] came in, and I said I need to talk to you [the judge], I had a problem." Juror Rose was then excused from the jury, and the attorneys were advised of the conversations with her, including the fact that the person who approached her was her ex-brother-in-law. Each defendant moved unsuccessfully for a mistrial. The court then advised the jury that Juror Rose had been dismissed due to a personal problem. During discussions with counsel, the court asked on no less than two occasions whether he should conduct a voir dire of the remaining eleven jurors. The defense never asked the court to conduct a voir dire of the jury members, either at the time Juror Rose was excused, or after the verdicts were returned.
 
 
 4
 Defendants then appealed their convictions on a number of grounds, all but one of which we found unpersuasive. This Court remanded the case to the district court with instructions to determine whether there was a "reasonable possibility" that the jury's verdict was affected by material not properly admitted as evidence, in which case there would be a substantial likelihood that the defendants were denied a fair trial.[1] United States v. Smith, 26 F.3d 739, 760 (7th Cir.), cert. denied, 115 S.Ct. 680 (1994). Our opinion informed the trial judge of the two paths he might take. He could assume the worst, that every juror knew that the defendants, or their associates, had threatened Juror Rose, and then proceed to determine whether there was a reasonable possibility of prejudice. Alternatively, he could conduct a hearing, within the confines of Federal Rule of Evidence 606(b)[2] to determine what, if anything, the jurors heard Rose say on the morning of the first day of deliberations and whether anything she said, including her demeanor when she said it, gave rise to an inference or assumption that one or more of the defendants or their associates had attempted to bribe, threaten, or otherwise influence her. Were the trial judge to find that one juror did make such an inference or assumption based on a remark by Rose, then the question of a reasonable possibility of prejudice would still remain. Id.
 
 
 5
 This Court described the factors for the district court to consider to determine whether there was a reasonable possibility of prejudice. These were, inter alia, the nature and extent of the evidence against the defendants, admonitions and instructions given to the jury, the mixed nature of the verdicts, the length of deliberations, and any other evidence, such as the content of notes sent to the judge during deliberations, which might or might not indicate a genuine effort by the jurors to decide the case based on the law and the facts. Id.
 
 
 6
 On remand, the trial judge chose to follow the first option. He assumed the worst, that every juror knew that the defendants, or their associates, had threatened Juror Rose, and then proceeded to determine whether there was a reasonable possibility of prejudice. The trial judge determined there was not a reasonable possibility of prejudice because (1) the nature and extent of the evidence against the defendants was overwhelming, (2) the jury was given proper instructions on the law and the burden of proof, (3) the jury was sequestered after Juror Rose was dismissed, and (4) the jury considered the deliberations very seriously evidenced by the fact that they deliberated for three full days before returning the verdict, sent a note to the court during deliberations concerning the evidence against defendant Sylvia Lipson, returned mixed guilty and not guilty verdicts as to defendants Gregory Collins and Kenneth Collins, as well as an acquittal of defendant Sproggins on all charged counts. The trial judge found that these facts demonstrated a genuine effort by the jurors to decide the case based on the law and the facts and thus there was no reasonable possibility of prejudice.
 
 
 7
 Defendants appeal the denial of their motions for a new trial or a mistrial claiming the district court abused its discretion by failing to follow the remand instructions of this Court.[3] Our review of the district court's finding is two-fold. The basic factual finding is reviewed for clear error. Haugh v. Jones & Laughlin Steel Corp., 949 F.2d 914, 916 (7th Cir.1991). The second finding, based on the inference concerning prejudice, is reviewed for an abuse of discretion. Id.; United States v. Sanders, 962 F.2d 660, 673 (7th Cir.1992). In performing such a review, it is understood that the trial judge is always in a better position than we are to assess the probable reactions of jurors in a case over which he has presided. Sanders, 962 F.2d at 673.
 
 
 8
 Defendants first assert the district judge's factual findings are in error because he failed to hold a hearing to determine if prejudice occurred as well as failing to assume the worst, that every juror knew that Juror Rose was threatened. However, our opinion made clear that the district court judge was not required to do both, but rather one or the other. Smith, 26 F.3d at 760. The district judge did comply with this Court's remand order by assuming the worst, that every juror knew that the defendants, or their associates, had threatened Juror Rose. The district judge also explained the reason he found another juror's question, "After we render the verdict, how will we get out of here, protection-wise, who is going to help us get out of here," to be unrelated to the "problem" voiced by Juror Rose. He stated that this type of question is commonly asked by jurors in criminal trials, particularly in this courthouse since the crime rate is very high in East St. Louis. Because the district judge followed this Court's remand instructions regarding the factual question, we find there is no clear error. Haugh, 949 F.2d at 916.
 
 
 9
 Second, defendants claim the district court did not properly evaluate whether there was a "reasonable possibility" of prejudice based on the assumption that every juror knew that Juror Rose had been threatened. Defendants claim the evidence was not "overwhelming" because it took the jurors four days to deliberate and the jury returned with mixed guilty/not-guilty verdicts. We hold the district judge did not abuse his discretion or commit clear error in finding that the evidence was "overwhelming" on those charges for which guilty verdicts were returned considering, after all, the number of witnesses that testified against each defendant and the content of the testimony. We do not believe that the length of deliberations and mixed verdicts indicate a lack of very strong evidence against the defendants in light of the fact that this was a five-defendant trial with multiple counts against most defendants. The four days of deliberations and the mixed verdicts, in addition to the note sent to the court during deliberations concerning the evidence against defendant Sylvia Lipson, serve adequately to support the finding that the jurors considered the deliberations very seriously. The jury was given proper instructions on the law and burden of proof, which this Court has already found to be true. Finally, the district judge did what he could to make sure there was no repetition of the Rose incident by sequestering the jury after Juror Rose was dismissed thereby insuring that the jury was not exposed to any extraneous material.
 
 
 10
 After thorough review, we conclude that the district judge did not abuse his discretion when he held there was no "reasonable possibility" of prejudice and refused to declare a mistrial or order a new trial. We affirm the district judge's denial of the motion for a new trial or a mistrial and affirm the judgments of conviction except as to defendant Sylvia Lipson whose appeal is dismissed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and has determined that a second argument is unnecessary
 
 
 **
 The Honorable James B. Zagel, District Judge for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 This Court also vacated the sentence of Kenneth Collins and remanded his sentencing to the district court for reconsideration. Collins has since been resentenced. Collins' resentencing has not been appealed
 
 
 [2]
 Federal Rule of Evidence 606(b) provides:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.
 
 
 [3]
 The government asserts that this Court does not have jurisdiction over Sylvia Lipson's appeal because she filed her notice of appeal more than ten days after the entry of judgment. Rule 4(b) of the Federal Rules of Appellate Procedure provides:
 In a criminal case the notice of appeal by a defendant shall be filed in the district court within ten days after the entry of the judgment or order appealed from.
 * * *
 Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period of time not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 Counsel for Lipson claims that neither he nor Lipson received notice of the judgment until within ten days before the notice of appeal was filed. While this may constitute excusable neglect, it is the district court that must extend the time for filing, not the court of appeals. Because Lipson's notice of appeal was untimely and the district judge did not extend the time to file the notice, this Court does not have jurisdiction over her appeal.